### PEOPLE ex rel. SCHAEFER v. MARTIN et al.

(Supreme Court, Appellate Division, First Department.  April 7, 1898.)

APPEAL—REVIEW.

The judgment of the police commissioners, upon conflicting testimony, in removing a police officer from the force, will not be reversed unless the preponderance of proof against their conclusion is so great as to warrant the belief that it was the result of passion, prejudice, or mistake.

Certiorari by the people, on the relation of Henry W. Schaefer, against James J. Martin and others, police commissioners, in removing relator from the police force of the city of New York. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Frank A. Butler, for appellant.
Terence Farley, for respondents.

BARRETT, J.  The evidence of the officer's intoxication was amply sufficient to sustain the judgment.  The defense seems to have been:  First, that the relator showed no signs of intoxication; and, second, that, if he did, it was not the result of alcoholic stimulants, but of medicine prescribed by a physician.  The most that can be said upon the relator's side of the case is that there was a conflict of evidence as to the fact of intoxication.  There was, however, no such preponderance of testimony on that head as would justify this court in disturbing the judgment of the commissioners.

In fact, the preponderance was the other way; and we cannot but think that the relator's appeal, tested by well-settled rules,. as to the authority of an appellate court in reviewing the facts, is entirely without legal merit. In this class of cases, when we find that the question is purely one of fact, and that there was. competent testimony to sustain the action of the commissioners, we do not, in affirming the judgment, usually deem it necessary or useful to formulate a written opinion. We depart from this custom in the present instance only because, owing to the growing frequency of these appeals, it may be well once more to emphasize the rule that the judgment of the commissioners upon conflicting testimony will not be reversed unless the preponderance of proof against their conclusion is so great as to warrant the belief that it was the result of passion, prejudice, or mistake. The rules. which govern an appellate court in reviewing the verdict of a jury apply here with equal, if not greater, force. The efficiency of the police force cannot be maintained if the action of the com-- missioners in matters of discipline is to be lightly overturned.

The proceedings of the commissioners should be affirmed, with. costs. All concur.